This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Eric N. Tawney, appeals the decision of the Medina County Court of Common Pleas, Domestic Relations Division, which granted a divorce decree to the parties. Within its judgment, the trial court ordered appellant to pay appellee, Scarlett A. Tawney, spousal support. This Court affirms.
 I.
{¶ 2} This case involves divorce proceedings between appellant and appellee. The parties went to trial before a magistrate on October 30, 2001. At that time, the parties entered into a settlement agreement on the majority of the issues, including those concerning their eight-year old daughter and the division of their property. The parties also stipulated to certain demographic data, income information and property division agreements. The only issue left for trial was that of spousal support.
{¶ 3} On November 1, 2001, the magistrate issued a decision that awarded spousal support to appellee in the amount of $600 a month for three years, or until appellee either dies, remarries, or cohabitates with an unrelated adult male. On November 14, 2001, appellant requested an extension of time to file objections to the magistrate's decision. Appellant indicated that the court reporter told him it would be at least two weeks before appellant could receive the transcript from the proceedings before the magistrate.
{¶ 4} Appellant did not file objections during the next month. Instead, on December 14, 2001, he filed a second extension of time, requesting an additional thirty days before filing his objections. This time, appellant indicated that he would not obtain the transcript for two more weeks, and his attorney would be unavailable during the last week in December. On January 2, 2002, the trial court denied appellant's motions for extensions of time, stating there had been sufficient time for appellant to file his objections. The trial court conducted its own independent review of the law and facts relating to the magistrate's decision and considered the agreement of the parties. On February 5, 2002, the trial court approved and adopted the magistrate's decision.
{¶ 5} Appellant timely appeals, setting forth two assignments of error for review. This Court will consider the assignments of error out of order.
 II. SECOND ASSIGNMENT OF ERROR {¶ 6} "THE TRIAL COURT ERRED IN DENYING APPELLANT'S REASONABLE MOTIONS FOR EXTENSION OF TIME TO FILE OBJECTIONS TO THE MAGISTRATE'S DECISION."
{¶ 7} In his second assignment of error, appellant argues that the trial court erred in denying his motions for extension of time to file objections to the magistrate's decision. He specifically claims that the trial court abused its discretion by denying his requests. This Court disagrees.
{¶ 8} Civ.R. 53(E)(a) allows a party to file written objections to a magistrate's decision within fourteen days of the filing of the decision. In this case, the magistrate's decision was filed on November 1, 2001. On the last day appellant could file an objection, November 14, 2001, he filed his first request for an extension of time to file his objections. Appellant filed a second request for an extension of time to file his objections on December 14, 2001. Appellant's requests were denied in a January 2, 2002 journal entry.
{¶ 9} Appellant argues that his requests for extension of time to file objections should have been granted because Civ.R. 53(E)(3)(b) requires him to support his objections with a copy of the transcript to prevent the court from overruling them. Appellant's interpretation of the rule is flawed.
{¶ 10} Civ.R. 53(E)(3)(b) states, in relevant part, that "[a]ny objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available." (Emphasis added.) In Vance v. Rusu (Aug. 1, 2001), 9th Dist. No. 20442, this Court found that "Civ.R. 53(E)(3)(b) does not require that a transcript be filed simultaneously with the objections." Rather, Vance explains that if the objecting party fails to file a transcript at all before the hearing date to consider the objections, "the trial court may adopt the magistrate's findings without further consideration." Id.
{¶ 11} Appellant did not need a transcript to timely file his objections to the magistrate's decision. Appellant has no right to assume that, on the last day he could timely file objections to the magistrate's decision, he can simply file an extension of time and rely on the court to grant his motion because he has not obtained a physical copy of the transcript yet. If appellant filed objections and then discovered that he would not be able to obtain a transcript by his hearing date, he could move to continue the hearing, rather than postpone the entire divorce proceeding with multiple requests for extensions of time to simply file his objections.
{¶ 12} In light of Vance and the particular facts of this case, this Court cannot find that that trial court erred in denying appellant's motions for extension of time to file objections to the magistrate's decision. The trial court did not abuse its discretion in finding that appellant had sufficient time to file objections and failed to do so. See Civ.R. 1(B). Appellant's second assignment of error is overruled.
 FIRST ASSIGNMENT OF ERROR {¶ 13} "THE TRIAL COURT ABUSED ITS DISCRETION IN THE AMOUNT AND DURATION OF SPOUSAL SUPPORT AWARDED TO APPELLEE."
{¶ 14} In his first assignment of error, appellant argues that the trial court abused its discretion in the amount and duration of spousal support awarded to appellee.
{¶ 15} From this Court's determination of appellant's second assignment of error, it follows that appellant's first assignment of error is also overruled. Civ.R. 53(E)(3)(b) provides that "[a] party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion [in accordance with Civ.R. 53]." If a party fails to file any objections to a magistrate's findings or conclusions, that party subsequently waives the right to challenge either the findings or the conclusions on appeal. Green v. Clair (Feb. 14, 2001), 9th Dist. No. 20271, citing Wright v. Mayon (July 2, 1997), 9th Dist. No. 18050.
{¶ 16} In the present case, appellant failed to file objections during his divorce proceedings. He cannot now challenge the trial court's adoption of the magistrate's decision before this Court. By not preserving issues from his divorce proceedings, appellant has waived the right to challenge the trial court's decision on appeal.
 III.
{¶ 17} Accordingly, appellant's two assignments of error are overruled. The judgment of the trial court is affirmed.
SLABY, P.J., BAIRD, J. CONCUR.